# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**FIONUALA MARY MCDONNELL,**<br><br>                              **Debtor**<br>_____<br><br>**JOHN O. DESMOND, Chapter 7 Trustee,**<br><br>                              **Plaintiff**<br><br>v.<br><br>**DAVID G. BAKER,**<br><br>                              **Defendant** | Chapter 7<br>Case No. 05-10829-RS<br><br><br><br>Adversary Proceeding<br>No. 05-1417 |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND ON PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

By his complaint in this adversary proceeding, the chapter 7 trustee, John Desmond, seeks to recover from debtor's counsel, David Baker, a payment of $1,000 he received from the debtor on account of legal fees allegedly owed him for his services in this case. The payment was made from the proceeds of the debtor's postpetition but unauthorized sale of her residence while this case was in Chapter 13. The Trustee seeks to recover the $1,000 payment under 11 U.S.C. § 542(a) on the theory that the funds are assets of the estate and in Baker's possession, custody, or control, and that he is therefore obligated under § 542(a) to turn them over to the trustee. Baker defends on two grounds: that the payment was made with exempt assets, the debtor having claimed her equity in the residence as exempt, and no objection having been filed to the claim of exemption; and that the transferred property is of inconsequential value or benefit

to the estate, in part because of the legal cost to the estate of obtaining turnover.[1]  The adversary proceeding is before the Court on Baker's motion for summary judgment and the trustee's cross-motion for summary judgment.

a. **Defendant's Motion**

Baker's motion for summary judgment seeks summary judgment on both of his defenses: that the proceeds are exempt and therefore not assets of the estate; and that amount at issue is of inconsequential value to the estate.  The Court will deny the motion insofar as it is based on the contention that the proceeds in question are exempt assets because Baker has not properly pled this defense or added the debtor as a necessary party.  In denying the Baker's earlier motion to dismiss for failure to state a claim, the Court stated:

> The Defendant seeks to protect the fee payment at issue by utilizing the Debtor's claim of exemption and the related exempted property to the extent of the payment.  The basis of the motion is therefore, in essence, an affirmative defense and would require the Court to consider matters outside the pleadings, namely, whether the proceeds of the sale are exempt, and, if the exemption does not extend to all proceeds of the sale, whether the Debtor consents to the Defendant's use of the exemption to shield the proceeds transferred to him (as opposed to the proceeds she did not transfer to him).  These matters have not yet been determined and are not determined by this order.  A motion to dismiss under Rule 12(b)(6) tests only the sufficiency of the complaint; the present motion does not challenge the sufficiency of the complaint but seeks to defeat it by a defense extraneous to it.  Whatever the merits of the affirmative defense, they cannot be determined on a motion to dismiss, and the complaint does not fail to state a claim on which relief can be granted. *The affirmative defense will have to be pleaded in Defendant's answer.  Insofar as it implicates interests of the Debtor (her exemption and her right to designate which funds are subject to the exemption), she may have to be joined as a*

---

[1] Section 542(a) expressly excepts from turnover any property that "is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

> *party (or her consent to Debtor's appropriation of the exemption otherwise established). Insofar as it implicates interests of the estate, the Trustee is entitled to an opportunity to answer the affirmative defense.*

Order of August 24, 2005 (emphasis added). After entry of this order, Baker filed an answer but did not assert the claim of exemption as an affirmative defense (indeed did not mention the claim of exemption at all); nor did he join the debtor as a party. Nor has he, in conjunction with the present motion, in any way established her consent to his appropriation of her exemption. I need not reach the merits of this defense because (a) the defendant has failed properly to plead it and (b) has failed to join a necessary party. This argument would fail on the merits, too, as the turnover obligation expressly encompasses even property "that the debtor may exempt under section 522 of [the Bankruptcy Code]." 11 U.S.C. § 542(a).

The Court also rejects as a matter of law and on its face the contention that cash of $1,000 is of inconsequential to the estate. This would be true even if the transferee were not an officer of the court and had not knowingly been a party to, and recipient of proceeds from, an unauthorized transfer of assets of a bankruptcy estate.

For these reasons, Baker's Motion for Summary Judgment must be denied.

**Plaintiff's Motion for Summary Judgment**

Section 542(a) provides that "[e]xcept as provided in subsection (c) or (d) of this section," neither of which is relevant here,

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

3

11 U.S.C. § 542(a). In order to establish cause for turnover under this section, a trustee must show that (1) the defendant is in possession, custody, or control (2) during the case (3) of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title. As an affirmative defense, the possessor of the property may prove that the property is of inconsequential value or benefit to the estate.

A party is entitled to summary judgment only upon a showing that there is no genuine issue of material fact and that, on the uncontroverted facts, the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Where, as here, the burden of proof at trial would fall on the party seeking summary judgment, that party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action. The evidence must be such as would permit the movant at trial to withstand a motion for directed verdict under FED. R. CIV. P. 50(a). *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the motion is properly supported, the burden shifts to the adverse party to submit evidence demonstrating the existence of a genuine issue as to at least one material fact. If the adverse party does not so respond, "summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e); *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989).

Here, the Trustee has established, by admissions in Baker's answer to allegations in the complaint, each of the elements of its cause of action. The uncontroverted facts are as follows: The debtor, Fionuala Mary McDonnell, filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 9, 2005. In the case, she filed a schedule of real property in which she listed as her only interest in real property a fee simple interest in the real property at 53 Bailey Street, Dorchester, Massachusetts. (She valued the property at $287,100 and listed

4

only one encumbrance against the property, a mortgage on which was owed a balance of $267,488.00.) On March 24, 2005, and without authority from the bankruptcy court,[2] she transferred the property to another, Andrey Brown, for the purchase price of $375,000. The trustee alleges, and Baker does not deny—and therefore I deem admitted—that Baker made a written demand on the closing attorney who handled the closing of the sale for payment of his legal fees in the amount of $1,000 from the proceeds of the sale.[3] The trustee further alleges, and Baker does not deny—and therefore I deem admitted—that the attorney who handled the closing of the sale paid $1,000 to Baker from the closing of the sale.[4] On May 26, 2005, the case was converted to one under Chapter 7; John Desmond was appointed chapter 7 trustee. The trustee has demanded return of the payment from Baker, but Baker has refused to turnover the proceeds paid him.

    On these facts, it is established that the real estate was an asset of the debtor on the date of the bankruptcy filing and, as a result, became an asset of her bankruptcy estate under 11 U.S.C. § 541(a)(1). As such, it was property that the trustee could use, sell, or lease under 11 U.S.C. § 363 (permitting trustee "to use, sell, or lease . . . property of the estate") or that the debtor may exempt under § 522 (permitting a debtor to exempt certain property from property of the estate, including, under § 522(d)(1), the debtor's aggregate interest, not to exceed $18,450 in value, in real property that the debtor uses as a residence). The proceeds of the property are themselves property of the estate. 11 U.S.C. § 541(a)(6). And it is not controverted that they

---

[2] No notice of the sale or motion for authority to sell had been filed in the case.

[3] In his answer, Baker adds: "at the request of the attorney handling the closing, a statement for legal services rendered was transmitted to said attorney."

[4] In his answer, Baker responds to this allegation as follows: "Admitted that the closing attorney, with the approval of the debtor, sent a payment to Baker."

were transferred to Baker's possession, custody, and control. Baker has argued that the proceeds are of inconsequential value, but that defense has been rejected. On the undisputed facts, the trustee is entitled to judgment as a matter of law. His motion for summary judgment will be allowed and a judgment for turnover entered forthwith.

## ORDER

For the reasons set forth above, the Motion of David Baker for Summary Judgment is hereby denied and the Cross Motion of the Chapter 7 Trustee for Summary Judgment is granted. A separate judgment will enter.

Date: March 30, 2007                    _____
                                        Robert Somma
                                        United States Bankruptcy Judge

cc:     Christopher Lee, Esq., for Chapter 7 Trustee
        David Baker, Esq., *pro se*

6